**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                      **NO: 19-87**

**PAUL METZ**                                   **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendant Paul Metz's Motion for Early Termination of Supervised Release (Doc. 543).

On May 18, 2022, this Court sentenced Defendant to 115-months' imprisonment and a four-year term of supervised release after he pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine hydrochloride and 28 grams or more of cocaine base. Defendant was later resentenced pursuant to U.S.S.G. § 5G1.3(b) to 79 months' imprisonment. Defendant was released from custody on February 17, 2025 after receiving clemency.

Defendant has served more than one year of his term of supervised release and now moves for early termination of supervision. Defendant contends only that he has been in full compliance with the terms of his

1

supervision and has maintained employment. The Government opposes his request.

Pursuant to 18 U.S.C. § 3583(e), a district court may terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "The factors to be analyzed generally concern the nature of the offense, the defendant's history, public safety, and the deterrent effect."[1] The district court has broad discretion in considering requests for early termination of supervised release.[2] Courts have held that early termination "is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."[3]

Here, Defendant has failed to identify any "changed circumstances" warranting early termination of his supervised release. "Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required."[4] The Court finds that given the nature of Defendant's offense and his criminal history, continued

---

[1] United States v. Hayes, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).

[2] United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).

[3] United States v. Jones, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013).

[4] United States v. Pitman, No. 9:18-CR-16, 2022 WL 2328868, at *2 (E.D. Tex. June 28, 2022).

2

supervision appropriately reflects the seriousness of his offense and satisfies the goals of public safety and deterrence.

Accordingly;

**IT IS ORDERED** that Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 15th day of July, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

3